IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID GEE, | Civil No. 3:17-cv-345 |
| Plaintiff | (Judge Mariani) |
| v. | |
| MARY SABOL, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff David Gee ("Plaintiff"), an inmate formerly housed at the York County Prison, in York, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Presently pending before the Court are Plaintiff's motions to compel discovery and motion for sanctions. (Docs. 25, 26, 32). In response, Defendants request that the Court deny Plaintiff's motions to compel discovery. (Doc. 28). For the reasons set forth below, Plaintiff's motions will denied without prejudice.

I. **Plaintiff's Motions to Compel Discovery**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255,

258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

2

can be resolved without judicial intervention. Thus, in order to assist in the orderly and expeditious disposition of this action, the Court will direct the parties to confer[1] in a good faith effort to resolve by agreement all remaining discovery issues within thirty (30) days of the date of the accompanying Order. In conferring, the parties are reminded that discovery requests must be relevant to the claims before this Court and that both requests and responses should adhere to the requirements of the Federal Rules of Civil Procedure. Finally, in undertaking a good faith effort to resolve the pending discovery disputes, the parties should be guided by the standards set forth herein.

Within ten (10) days following the parties' conference, each party shall submit a separate status report indicating which, if any, discovery issues have been resolved and indicating any outstanding matters which remain in dispute and their respective positions with regard to each unsettled issue.[2]

## II. Plaintiff's Motion for Sanctions

Plaintiff also requests that the Court impose sanctions against Defendants for failure to comply with discovery requests. (Doc. 26). Plaintiff suggests, in a somewhat conclusory

---

[1] The parties may confer either in person or telephonically.

[2] Local Rule 26.3 provides that the movant in a discovery motion shall file as part of the motion "a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached. If part of the issues raised by the motion have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved." M.D. Pa. Local Rule 26.3.

4

In addition to the above standards, Federal Rule of Civil Procedure 33 states that absent a stipulation of the parties or leave of court, a party may only serve twenty-five (25) written interrogatories, "including all discrete sub-parts," upon another party. FED. R. CIV. P. 33(a)(1). Finally, a district court has the general discretion to supervise discovery, so long as any order issued or local rule adopted is not inconsistent with the Federal Rules of Civil Procedure. *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 284-285 (E.D. Pa. 1992); FED. R. CIV. P. 26(b).

In the instant motions to compel discovery, Plaintiff requests that Defendants answer his interrogatories. (Docs. 25, 32). Plaintiff appears to specifically request that Defendant Baker answer the interrogatories posed to her. (Doc. 25-1). In response, Defendant Baker represents that she answered each interrogatory, and she has provided the Court with a copy of each interrogatory and answer. (Doc. 28). Upon review of the parties' submissions, the Court finds that Defendant Baker has answered each questioned posed to her. Accordingly, this discovery request will be denied without prejudice.

Plaintiff also expresses dissatisfaction with the interrogatory answers provided by Defendants Reihart and Valquez. The parties have not submitted the interrogatories posed to Defendants Reihart and Valquez. However, Plaintiff has submitted a letter wherein he indicates that the parties have resolved certain discovery disputes. (Doc. 34). Based upon the parties' submissions, it appears that some if not all of the present discovery disputes

fashion, that Defendants should be sanctioned $87.00 for failing to comply with his discovery requests. (*Id.*).

Federal Rule of Civil Procedure 37 provides for a wide range of sanctions that may be imposed for a party's failure to comply with discovery obligations. *See, e.g.*, FED. R. CIV. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."). "The choice of the appropriate sanction is committed to the sound discretion of the district court." *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988). However, if a district court finds that sanctions are warranted, the Court must make factual findings to justify such an award. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3d Cir. 2003) (finding that the district court abused its discretion in imposing sanctions against defense counsel where the court made no explicit findings of misconduct, and the record did not support such a finding).

The Court is familiar with the procedural and factual background of this case, and the Court is not convinced that sanctions are appropriate. Furthermore, Plaintiff's latest letter to the Court indicates that the parties are amicably resolving their discovery disputes. (Doc. 34). Accordingly, Plaintiff's request for sanctions will be denied without prejudice.

III. <u>Conclusion</u>

Based on the foregoing, Plaintiff's motions to compel and motion for sanctions

(Docs. 26, 28, 32) will be denied without prejudice. A separate Order shall issue.

Date: May __10__, 2018

Robert D. Mariani
United States District Judge